## THE R. F. CORPORATION
*vs.*
## NEW IMPERIAL LAUNDRIES, INC. ET AL.

Superior Court        New Haven County        File Nos. 55443
                                                          55444

MEMORANDUM FILED FEBRUARY 4, 1941.

*Dennis T. O'Brien, Jr.,* of Meriden, for the Plaintiff.

*Benjamin D. Levine,* of New Haven, for the Defendants.

BALDWIN, J.   These two cases are identical as to the question involved.   They differ as to some parties defendants. The actions are against the maker and guarantors of certain promissory notes.   A special defense in each case has heretofore been successfully attacked by demurrer.

The defendants have now filed a special defense which includes allegations in addition to those included in the special defense which was successfully demurred to.   This special defense which is attacked by the instant demurrer alleges, in substance, that the plaintiff held collateral security for the obligations sued upon; that this security was sold by the plaintiff; that at the time of its sale the value of the security was greater than the amount of the obligations; that the sale was for an amount far below the reasonable market value of the security; that the sale was in utter disregard of the rights of the defendants; that it (the sale) was in utter disregard of the true market value of the security and that it was to the prejudice of the rights of the defendants.   This is equivalent to setting up a sale of the security by the plaintiff, either in bad faith or negligently—a sale for a price less than that reasonably attainable.

"The principle is well settled, that where a mortgage is taken by a creditor from the principal debtor, as a further security for his debt, the mortgage so taken must be held in trust, not only for the benefit of such creditor, but for the surety's indemnity.   In such case, the creditor becomes a trustee as

to the mortgaged property, and this relation imposes as an obligation upon him to act in good faith towards his *cestui que trust*, in dealing with the fund, and hold it fairly and impartially, for the benefit of the surety, as well as for himself." *Phares vs. Barbour*, 49 Ill. 370.

The demurrers are overruled.